IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN ANDREW ROACH, JR.,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **MUNICIPAL** | : | |
| **COURT TRAFFIC DIVISION, et al.** | : | |
| *Defendants*. | : | No. 24-cv-02565 |

### MEMORANDUM

**KENNEY, J.**                                                                                                          February 10, 2025

On November 21, 2024, the Court ordered Plaintiff to "make service upon all Defendants, and file of record proof of same, on or before January 15, 2025," and further noticed Plaintiff that "[i]f service is not made and Affidavits of Service or Waivers of Service are not filed on the docket on or before January 15, 2025, the action may be dismissed without prejudice for lack of prosecution as to the unserved Defendants." ECF No. 22. On January 10, 2025, Plaintiff provided the Court with "Proof of Service by Certified Mail Receipt." ECF No. 23. The filing contained what appeared to be a U.S. Postal Service Certified Mail Receipt bearing the date of November 27, 2024 and identifying the recipient as the "City Solicitor Legal Dept." at 1515 Arch Street, 17th Floor, Philadelphia, Pennsylvania 19102. *Id.*

Because Plaintiff has not submitted an affidavit of service in accordance with Federal Rule of Civil Procedure 4(l)(1), it is not clear to the Court what the certified mail package contained. However, the Court will assume for purposes of the analysis that the package contained the Amended Summons, ECF No. 18, and Amended Complaint, ECF No. 17. Further, the Court infers for purposes of the analysis that it was Plaintiff himself who sent the U.S. Postal Service Certified Mail to the City Solicitor Legal Department.

Plaintiff has once again failed to properly serve the Amended Summons and Amended Complaint on the named Defendants in this matter.[1] First, it appears that Plaintiff personally mailed the Amended Summons and Amended Complaint to the City Solicitor Legal Department; second, service by mail is not proper under the Federal and Pennsylvania Rules of Civil Procedure in these circumstances; and finally, Plaintiff has failed to file an affidavit or waiver of service as to each Defendant. The Court now orders Plaintiff to cure these defects within thirty days by properly serving each Defendant with a copy of the Amended Complaint and Amended Summons and filing with the Court an affidavit of service signed by the process-server or, in the alternative, waivers of service signed by each Defendant. If Plaintiff does not cure these defects within thirty days, the Court will be obligated under Federal Rule of Civil Procedure 4(m) to dismiss the action.

I.   **DISCUSSION**

Plaintiff improperly served Defendants by mail because he *personally* served the Amended Summons and Amended Complaint on the City Solicitor Legal Department. Federal Rule of Civil Procedure 4(c)(2) "provides that a summons and complaint must be served by a person who is at least 18 years old and not a party. This rule is violated when a plaintiff personally attempts to serve a defendant…by mail, as is the case here." *Hickson v. Peco Energy*, No. CV 22-2053, 2022 WL 14228783, at *1 (E.D. Pa. Oct. 24, 2022) (quoting Fed. R. Civ. P. 4(c)(2)) (cleaned up). Therefore, Plaintiff improperly served Defendants when he personally mailed the Amended Summons and Amended Complaint.

Even if Plaintiff properly contracted a third-party to mail the Amended Summons and Amended Complaint, service would still be improper because service by mail is not permitted

---

[1] Plaintiff previously filed a Request for Entry of Default, ECF No. 19, and Moved for Default on the Amended Complaint and Amended Summons, ECF No. 20. The Court denied the Request and Motion "on the basis that there [was] no documented service." ECF No. 22.

under these circumstances. Under Federal Rule of Civil Procedure 4(e), an individual may be served either by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or" (2) by personal service, leaving a copy of the complaint and summons "at the individual's dwelling or usual place of abode" with a resident "of suitable age and discretion," or delivering a copy of both the summons and complaint to an agent authorized for service of process. Fed. R. Civ. P. 4(e). Federal Rule of Civil Procedure 4(j), regarding service on a local government, states that: "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). None of these methods of service include service by mail.

The next step, then, is to examine Pennsylvania state law for serving a summons. Under Pennsylvania Rule of Civil Procedure 402(a), service of original process on an individual defendant can be made by handing a copy: (1) directly to the defendant; (2) to an adult family member or a responsible person in charge at the defendant's residence, should an adult family member not be present; (3) to the clerk or manager of the defendant's residential lodging (e.g., hotel, inn, apartment, boarding house, or other place of lodging); or (4) to the defendant's agent or the person in charge at the defendant's "office or usual place of business." Pa. R. Civ. P. No. 402(a). Under Pennsylvania Rule of Civil Procedure 422, regarding service of original process on political subdivisions, service may similarly be effectuated by "handing" a copy to an agent of the political subdivision authorized to receive service, an individual in charge at the defendant's office, or to the mayor or certain officers of the "tax levying body thereof." Pa. R. Civ. P. No. 422(b)(1)–

3

(3). Here, Plaintiff has not "handed" a copy of the summons to any Defendant, agent of Defendants, representative of Defendants, or otherwise—instead, he mailed it. Therefore, Plaintiff's attempt at service is not in compliance with Pennsylvania Rule of Civil Procedure 402 or 422.

While service via mail is proper under certain circumstances in Pennsylvania, *see* Pa. R. Civ. P. No. 404 (service outside the Commonwealth), 410 (real property actions), 440 (papers other than original process), those circumstances do not appear to be at issue here. Therefore, service via mail is not an option for Plaintiff under the Federal or Pennsylvania Rules of Civil Procedure.

Finally, under Federal Rule of Civil Procedure 4(l)(1), "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof **must** be by the server's affidavit." Fed. R. Civ. P. 4(l)(1) (emphasis added). Plaintiff did not submit an affidavit with his proof of service, nor proof of waiver of service by any Defendant. Accordingly, Plaintiff's proof of service violates Federal Rule of Civil Procedure 4(l).

II. **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to properly effectuate service of the Amended Complaint and the Amended Summons, and the Court will order the Plaintiff to cure his failure to serve within thirty days. If he does not effectuate proper service within this timeframe, the Court is obligated to dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). An appropriate order will follow.

5

**BY THE COURT:**

**/s/ CHAD F. KENNEY**

**CHAD F. KENNEY, JUDGE**

Case 2:24-cv-02565-CFK   Document 27   Filed 02/10/25   Page 5 of 5