IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN ANDREW ROACH, JR.,** | : | |
| *Plaintiff* | : | CIVIL ACTION NO. 24-cv-2565 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **MUNICIPAL** | : | |
| **COURT TRAFFIC DIVISION, et al.** | : | |
| *Defendants* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                                   May 30, 2025

Before the Court are two pending motions filed by *pro se* Plaintiff Melvin Andrew Roach, Jr. ("Plaintiff" or "Mr. Roach"): (1) a Motion to Proceed in District Court Without Prepaying Fees or Costs; and (2) a Motion for Reconsideration of the Order Denying Judicial Recusal. *See* ECF Nos. 42, 49. Given the representations made by Mr. Roach in his Motion for Reconsideration, the Court will direct the Clerk of Court to remove the gavel on the Motion to Proceed in District Court Without Prepaying Fees or Costs at ECF No. 42,[1] and will decide only the Motion for Reconsideration at ECF No. 49.

Further, the Court ordered Mr. Roach on April 2, 2025 to file "proof of proper service of original process on all named Defendants in accordance with the Memorandum Opinion and Order at ECF Nos. 27–28." *See* ECF No. 39. He failed to do so. Accordingly, the Court is obligated to dismiss the action under Federal Rule of Civil Procedure 4(m).

---

[1] In the Motion for Reconsideration at ECF No. 49, Mr. Roach represents that, "[t]o demonstrate disparate treatment in related dockets, Plaintiff attached a prior IFP application, **not as a request for fee waiver**, but **as an exhibit** showing how Plaintiff's pro se filings are treated inconsistently." ECF No. 49 at 2 (emphasis in original). Given this representation, the Court will direct the Clerk of Court to remove the gavel on ECF No. 42.

I. **DISCUSSION**

    A. *Motion for Reconsideration*

Mr. Roach requests that the Court reconsider its decision on the Motion for Recusal under Federal Rule of Civil Procedure 59(e). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[2] A motion for reconsideration may be granted only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Binder v. Coldwell Banker Real Est. LLC*, No. 24-1997, 2025 WL 1248812, at *3 (3d Cir. Apr. 30, 2025) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)) (alterations in original).

Here, Mr. Roach argues that his "motion is brought pursuant to Federal Rule of Civil Procedure 59(e) based on clear factual error, mischaracterization of the record, and repeated judicial oversights." ECF No. 49 at 1. Specifically, Mr. Roach states that recusal is warranted because the Court's treatment of the filing at ECF No. 42 as a Request for Fee Waiver was improper, as was the Court's order requesting his tax return, since he has paid the filing fee in this case. *Id.* at 1–3. According to Mr. Roach, the Court's "repeated misreadings of the record, when weighed collectively, exceed isolated mistakes and reflect a pattern of judicial conduct inconsistent with impartial administration of justice." *Id.* at 4.

---

[2] The Court acknowledges that its denial of recusal is not a "judgment," but rather an interlocutory order. *See In re Marasek*, 537 F. App'x 20, 20 n.1 (3d Cir. 2013) (recognizing that "an order denying a recusal request may not be immediately appealable" (citing *City of Pittsburgh v. Simmons*, 729 F.2d 953, 954 (3d Cir. 1984))). However, district courts retain the power to reconsider prior orders—though "[c]ourts tend to grant motions for reconsideration sparingly[,] and only upon the grounds traditionally available under [Rule] 59(e)." *Bridges v. Colvin*, 136 F. Supp. 3d 620, 629 (E.D. Pa. 2015), *aff'd sub nom. Bridges v. Comm'r Soc. Sec.*, 672 F. App'x 162 (3d Cir. 2016).

The Court will deny Plaintiff's motion, as he has failed to show any "need to correct a clear error of law or fact or to prevent manifest injustice." *Binder*, 2025 WL 1248812, at *3. The decision to construe a form intended to support Motions to Proceed *In Forma Pauperis*[3] as a motion instead of an exhibit was made pursuant to the Court's discretion in managing its docket. *See Elfar v. Twp. of Holmdel*, No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) ("District courts retain broad discretion to manage the docket....") (citing *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)). This is especially true considering (1) that the form was docketed as a separate entry when other exhibits were docketed with the Motion for Recusal, *see* ECF No. 41, and (2) Mr. Roach had previously filed a document relating to his bankruptcy proceeding on the docket, *see* ECF No. 33.

While the Court will no longer treat the "Motion" at ECF No. 42 as a Motion to Proceed *In Forma Pauperis* based on Mr. Roach's clarification, it sees no reason to reconsider its prior denial of recusal and will decline to do so.

B. *Dismissal*

As outlined in the Court's April 2, 2025 Order, *see* ECF No. 39, the Court has given Mr. Roach ample leeway to establish proof of proper service of original process on the docket. However, after repeated notice of his deficiencies, Mr. Roach has failed to establish proper service. It is now incumbent on the Court, under Federal Rule of Civil Procedure 4(m), to dismiss the action without prejudice to refile. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after

---

[3] The Eastern District of Pennsylvania directs non-incarcerated *pro se* litigants wishing to proceed *in forma pauperis* to use the "Motion to Proceed In Forma Pauperis – Long Form" version linked on its website. *See* United States District Court: Eastern District of Pennsylvania, *Pro Se Forms* (last accessed May 30, 2025), https://www.paed.uscourts.gov/forms/forms-pro-se. The Form is titled an "Application to Proceed in District Court Without Prepaying Fees or Costs," and is also known as the AO 239 Form. *Id.* When a *pro se* litigant seeks to proceed *in forma pauperis*, the AO 239 is typically the form filed.

the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").[4]

## II. CONCLUSION

The Motion for Reconsideration (ECF No. 49) is **DENIED**. The case is dismissed under Federal Rule of Civil Procedure 4(m) **without prejudice**. An appropriate order will follow.

**BY THE COURT:**

**/s/ CHAD F. KENNEY**

**CHAD F. KENNEY, JUDGE**

---

[4] The Court notes that counsel for a handful of defendants have filed appearances on the docket. However, "[n]otice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993); *see also Dougherty v. Dupes*, No. 1:17-CV-01541-JFC, 2018 WL 1696651, at *11 (M.D. Pa. Apr. 6, 2018) ("A defendant under the federal rules does not waive the required service of process simply by virtue of his attorney's filing an appearance in the case.") (citing cases). Here, while counsel for defendants the Philadelphia Parking Authority, PPA Officer C. Fong, T. Roberts, and A. Martinez have filed notices of appearance, there has been no further movement on the docket indicating waiver of the defense of insufficient service of original process. In fact, these defendants have not even filed a motion to dismiss, and there is no pending deadline to answer or otherwise respond to the Amended Complaint at ECF No. 17.